IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| COACH, INC., and<br>COACH SERVICES, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>JAMES R. OVERTON, III, d/b/a<br>LANTEX LLC a/k/a FRESH WEAR,<br><br>    Defendant. | 8:16CV339<br><br>ORDER |

    This matter comes before the court *sua sponte* after review of the court file. The Federal Rules of Civil Procedure provides, "If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The court must extend the time for service for an appropriate period upon a plaintiff's showing of good cause for the failure. Fed. R. Civ. P. 4(m).

    The plaintiffs filed a complaint on July 1, 2016. (Filing No. 1). On July 12, 2016, summons were requested and issued as to the defendant. (Filing No. 9; Filing No. 10). On October 16, 2016, the plaintiffs filed a group of documents purporting to show service was accomplished upon the defendant. (Filing No. 15). In the attached "Proof of Service," counsel for the plaintiffs states:

> On September 29, 2016, I mailed copies of the complaint and summons to Mr. Overton at his last three known addresses pursuant to FRCP 5(b)(2)(c). One address is recorded as Mr. Overton's registered agent address with the Nebraska Secretary of State. We have been attempting personal service at all 3 locations for $2^+$ months. Attached are copies of the envelopes mailed.

(Filing No. 15 at p.1). The attached copies of envelopes mailed to the defendant reflect the

1

plaintiffs sent the summons and complaint by regular mail.

Rule 4 of the Federal Rules of Civil Procedure provides the methods by which a summons and complaint may be served to commence an action. An individual "may be served in a judicial district of the United States by (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or by "(2) doing any of the following:"

> (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

The plaintiffs' proof of service demonstrates service was not accomplished by any of the methods provided for in Fed. R. Civ. P. 4(e). Rather, the plaintiffs state service was accomplished by mail pursuant to Rule 5(b)(2)(c). Rule 5 applies to serving pleadings filed after the original complaint and is inapplicable to service of the summons and complaint. See Fed. R. Civ. P. 5(a)(1). Regular mail is not an acceptable method of service of a summons under Nebraska law. See Neb. Rev. Stat. § 25-508.01 ("An individual party, other than a person under the age of fourteen years, may be served by personal, residence, certified mail, or designated delivery service."); see also Neb. Rev. Stat. § 25-505.01.

There is no evidence that the defendant has been served with the summons and complaint by an acceptable method under Fed. R. Civ. P. 4, and the defendant has not made an appearance in this case. The 90-day deadline for service of process has expired. The plaintiffs failed to seek an extension of the deadline to complete service on the defendant or provide an explanation for the delay. It remains the plaintiffs' duty to go forward in prosecuting the case. Under the circumstances, the plaintiffs must make a showing of

good cause for the failure to timely serve the defendant, or the action must be dismissed. Accordingly,

**IT IS ORDERED:**

The plaintiffs shall have until **on or before December 23, 2016**, to file with the Clerk of Court evidence of valid service for the defendant or show cause why this case should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 4(m).

**DATED: December 6, 2016.**

                                  **BY THE COURT:**

                                  **s/ F.A. Gossett**
                                  **United States Magistrate Judge**